**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **MICHAEL DENNIS LEAR,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 5:26-CV-144 (CAR)** |
| | : | |
| **ARROW INC,** ***doing business as*** **ARROW WASTE, OASIS OUTSOURCING V LLC, EMPLOYERS EDGE INC, and ROBERT BERGSTROM,** ***as supervisory agent of Arrow, Inc.,*** | : | |
| | : | |
| **Defendants.** | : | |

**ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS**

Currently before the Court are *pro se* Plaintiff Michael Dennis Lear's "Motion for Order Deferring Defendant Access to IFP Affidavit Pending Answer" and Motion to Proceed *In Forma Pauperis* ("IFP").[1] The Court **CONSTRUES** Plaintiff's "Motion for Order Deferring Defendant Access to IFP Affidavit Pending Answer" [Doc. 2] as a Motion to Seal the IFP affidavit, and because Plaintiff has not shown good cause,[2] Plaintiff's construed Motion to Seal is **DENIED** [Doc. 2].

[1] Pl.'s Mot. Order Deferring Def. Access IFP Aff., [Doc. 2]; Pl.'s Mot. Proceed IFP, [Doc. 2-2].

[2] The public's "common law right of access" to public records and documents filed in judicial proceedings "may be overcome [only] by a showing of good cause[.]" *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (citation omitted).

Having reviewed Plaintiff's Affidavit, it appears he is unable to pay the cost of commencing this action or the United States Marshal service fees. Accordingly, Plaintiff's Motion to Proceed IFP [Doc. 2] is **GRANTED**. Having reviewed Plaintiff's Complaint, the Court hereby **ORDERS** the United States Marshal to serve a copy of the complaint at this time.

## I. Directions

Plaintiff is advised that he must serve upon opposing counsel (or the defendants if they are not represented by counsel) copies of all motions, pleadings, discovery, and correspondence (including letters to the Clerk or to a judge) which are filed with the Clerk of the Court.[3] Plaintiff shall include with any paper which is filed with the Clerk of the Court a certificate stating the date on which a true and correct copy of that paper was mailed to defendants or their counsel. The Clerk of the Court will not serve or forward to the defendants or their counsel copies of any materials filed with the Court.

In addition, the following limitations are imposed on discovery: except with written permission of the court first obtained, (1) interrogatories may not exceed twenty-five to each party;[4] (2) requests for production of documents and things under Rule 34 of the Federal Rules of Civil Procedure may not exceed ten requests to each party;[5] and (3)

[3] Fed. R. Civ. P. 5(a).
[4] Local Rule 33.1.
[5] Local Rule 34.

requests for admissions under Rule 36 of the Federal Rules of Civil Procedure may not exceed fifteen requests to each party.[6]

28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of the parties. If the parties desire for the United States Magistrate Judge to hear this case through trial and the entry of judgment, they may complete and return consent forms that will be mailed by the Clerk of the Court.

Plaintiff has the responsibility for diligently prosecuting his complaint, and failure to do so may result in dismissal under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Plaintiff is required to keep the Clerk of Court advised of his current address during the pendency of this action. Failure to promptly advise the Clerk of any change of address may result in the dismissal of Plaintiff's complaint.

**II. Rule 11 Obligations**

Moreover, the Court informs Plaintiff of his obligations under Rule 11 of the Federal Rules of Civil Procedure, particularly Rule 11(b), which governs his representations to the Court:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge,

[6] Local Rule 36.

information, and belief, formed after an inquiry reasonable under the circumstances:

(1) It is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase cost of litigation;
(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.[7]

## III. Artificial Intelligence

The Court has seen a marked increase in the use of technology such as ChatGPT, Google Gemini, Claude, Grok, or other generative artificial intelligence ("AI") services to prepare and file documents by unrepresented parties, who may not understand fully their pleading obligations. The Court cautions Plaintiff that these generative AI technologies may produce factually or legally inaccurate content.

The Court does not prohibit the use of AI, but to comply with Rule 11 of the Federal Rules of Civil Procedure, Plaintiff must review and verify all computer-generated content (including content from legal blogs and online summaries) to ensure that it is accurate and complies with Rule 11. To assist Plaintiff in meeting his pleading obligations, the Court **ORDERS** the following: **In all pleadings, Plaintiff must include a signed**

[7] Fed. R. Civ. P. 11(b).

**statement fully disclosing the use of AI to assist in the preparation and drafting of the pleading. In the statement, Plaintiff must certify that he has verified the accuracy of all facts and all legal authorities cited in the pleading. Failure to comply with this paragraph will result in sanctions, including, if appropriate, dismissal of this lawsuit.**

## CONCLUSION

The Court **CONSTRUES** Plaintiff's "Motion for Order Deferring Defendant Access to IFP Affidavit Pending Answer" [Doc. 2] as a Motion to Seal the IFP affidavit, and because Plaintiff has not shown good cause, Plaintiff's construed Motion to Seal is **DENIED** [Doc. 2]. Having reviewed Plaintiff's Affidavit, it appears he is unable to pay the cost of commencing this action or the United States Marshal service fees. Accordingly, Plaintiff's Motion to Proceed IFP [Doc. 2] is **GRANTED**. Having reviewed Plaintiff's Complaint, the Court hereby **ORDERS** the United States Marshal to serve a copy of the complaint at this time.

**SO ORDERED,** this 2nd day of November, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT